I concur in the majority's analysis and disposition of appellant's assignment of error.
I write separately to note, given our conclusion the presumptive prejudice analysis for post-indictment delay was inapplicable to the case sub judice and given the trial court's conclusion appellee did not suffer actual prejudice[1], any discussion as to whether the appellant acted with reasonable diligence is unnecessary.
Although not addressed by the majority, I reject appellee's better argument the juvenile court action filed in 1994 (alleging the child was abused) constituted "other official accusation" under Doggett v. U.S. (1992), 506 U.S. 647, for the same reason set forth by the majority for finding appellee's interrogation was insufficient. The juvenile court action did not constitute formal criminal prosecution under Doggett.
 ------------------------- JUDGE WILLIAM B. HOFFMAN
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby reversed, the indictment is reinstated against appellee and this matter is remanded for further proceedings consistent with this opinion.
By: Reader, J. and Wise, J. concur.
Hoffman, P.J. concurs separetely.
--------------------
--------------------
 -------------------- JUDGES
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby reversed, the indictment is reinstated against appellee and this matter is remanded for further proceedings consistent with this opinion.
--------------------
--------------------
 -------------------- JUDGES
[1] Appellee has not filed a conditional cross-assignment of error as to this finding. However, the trial court did specifically acknowledge appellee might be able to demonstrate actual prejudice in the future.